JUEL A. THORNTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thornton v. Commissioner
Docket No. 14819-93
United States Tax Court
T.C. Memo 1995-219; 1995 Tax Ct. Memo LEXIS 221; 69 T.C.M. (CCH) 2641; May 18, 1995, Filed *221 Juel A. Thornton, pro se. For respondent: Deborah C. Stanley. JACOBS
JACOBS
MEMORANDUM OPINION JACOBS, Judge: This matter is before the Court on respondent's oral motion for entry of default judgment pursuant to Rule 123(a). All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the matter under consideration. Respondent determined the following deficiencies in, and additions to, petitioner Juel A. Thornton's Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(1)(A)
6653(b)(1)(B)
6662(a)
6663
1987
$ 13,477
--
$ 12,899
[1]
--
--
1988
$  6,026
$ 5,468
--
--
--
--
1989
$  4,532
--
--
--
$ 19
$ 3,326
In the alternative to the additions to tax for fraud, respondent determined additions to tax for failure to file pursuant to section 6651(a)(1) for 1987 and 1988, and for negligence pursuant to sections 6653(a)(1)(A) and (B) for 1987 and section 6653(a)(1) for 1988. Background
Petitioner invoked the jurisdiction of this Court on *222 July 12, 1993, by timely filing a petition for redetermination. Petitioner resided in Richmond, Virginia, at the time the petition was filed. On August 31, 1993, respondent timely filed an answer to the petition denying that she erred with respect to the determinations set forth in the deficiency notice. Respondent's answer includes specific allegations in support of her determination that petitioner is liable for additions to tax for fraud for the years in issue. Petitioner failed to file a reply denying the allegations contained in respondent's answer. Thus, on October 29, 1993, respondent filed a Motion for Entry of Order that Undenied Allegations in Answer Be Deemed Admitted pursuant to Rule 37(c). We granted respondent's motion on November 29, 1993. Respondent's answer, containing specific affirmative facts, reads, in pertinent part, as follows: (a) During the taxable years at issue herein, the petitioner was employed by the Richmond Community Corrections Resource Board. She was also self-employed as a Licensed Practical Nurse (LPN). (b) During the taxable year 1987, the petitioner provided nursing services to William H. Massey, Sr., or a member of his family. *223 She was paid $ 550.00 by Mr. Massey in 1987. (c) During the taxable year 1987, the petitioner provided nursing services to Margaret H. Massey, or a member of her family. The petitioner was paid $ 46,530.00 by Ms. Massey in 1987. (d) During the taxable year 1987, the petitioner worked 190 hours for clients obtained through the Richmond Professional Nurses Registry. She was paid at the rate of $ 95.00 per eight-hour shift. In 1987 the petitioner received $ 2,261.00 from clients obtained through the nursing registry. (e) The petitioner had self-employment income of $ 49,341.00 in 1987. Of this amount she failed to report $ 2,811.00 on her 1987 income tax return. (f) During the taxable year 1988, the petitioner worked 1,424 hours for clients obtained through the Richmond Professional Nurses Registry. From January through August, 1988, she was paid at the rate of $ 96.00 per eight-hour shift. From September through December, 1988, she was paid at the rate of $ 100.00 per eight-hour shift. In 1988 the petitioner received $ 17,244.00 from clients obtained through the nursing registry. (g) The petitioner did not report any self-employment income on her 1988 income tax *224 return. (h) During the taxable year 1989, the petitioner worked 1,126 hours for clients obtained through the Richmond Professional Nurses Registry. She was paid at the rate of $ 100.00 per eight-hour shift. In 1989 the petitioner received $ 14,080.00 from clients obtained through the nursing registry. (i) During the taxable year 1989, the petitioner provided nursing services to Care Advantage, Inc. She was paid $ 3,681.00 by Care Advantage, Inc. in 1989. (j) During the taxable year 1989, the petitioner provided nursing services to the Virginia Correctional Center for Women (VCCW). She was paid $ 1,920.00 by VCCW in 1989. (k) The petitioner had self-employment income of $ 19,681.00 in 1989. Of this amount, she failed to report $ 6,583.00 on her 1989 tax return. (l) During the taxable year 1985 [sic], the petitioner received a pension or annuity from Variable Annuity Life Insurance Company in the amount of $ 5,089.11. She did not report this income on her 1989 income tax return. (m) During the taxable year 1989, the petitioner received interest income from Consolidated Bank and Trust in the amount of $ 145.00. She did not report this income on her 1989 income *225 tax return. (n) During the taxable year 1987, a fire destroyed the petitioner's home at 111 W. Clay Street, Richmond, Virginia. The fair market value of the building was $ 34,000.00. The loss was covered by the petitioner's homeowner's insurance. Her insurance carrier paid $ 34,000.00 to Central Fidelity Bank in satisfaction of its deed of trust on the property. In addition, the insurance company paid $ 8,401.70 to the petitioner. On her 1989 income tax return, the petition claimed a casualty loss in the amount of $ 23,476.00. (o) On her income tax return for 1987, the petitioner claimed Schedule C deductions for cost of goods sold, bank charges, insurance, interest expenses, taxes, meals and entertainment, repairs, utilities and medical expenses. She is not entitled to these deductions. (p) The petitioner's omission of specific items of income on her income tax returns filed for 1987, 1988 and 1989 is part of a three-year pattern of intent to evade taxes. (q) The petitioner understated her taxable income on her income tax returns for the taxable years 1987, 1988 and 1989 in the amounts of $ 46,729.00, $ 19,073.00 and $ 17,674.00, respectively. (r) The petitioner *226 understated her income tax liabilities on her income tax returns for the taxable years 1987, 1988 and 1989 in the amounts of $ 13,477.00, $ 46,026.00 [sic] and $ 4,532.00, respectively. (s) A part of each deficiency for the taxable years 1987, 1988 and 1989 is due to fraud with intent to evade taxes. On October 13, 1994, this case was set for trial on March 20, 1995, at Richmond, Virginia. The notice setting the case for trial, in pertinent part, clearly states: YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. * * * YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. On December 16, 1994, respondent filed a Request for Admissions. Petitioner did not respond to such request. Petitioner failed to appear at trial. Respondent appeared, and orally moved for entry of default judgment pursuant to Rule 123(a). The Court took respondent's oral motion under consideration and advisement. For the reasons set forth below, we will grant respondent's oral motion for entry of default judgment. Discussion
The Commissioner's deficiency determination carries with it a presumption *227 of correctness, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); . The failure of a party to appear at trial may result in an entry of decision against such party. Rule 123 provides, in part: (a) Default: If any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, then such party may be held in default by the Court either on motion of another party or on the initiative of the Court. Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate. * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. * * * Petitioner made no attempt to contact the Court upon her failure to appear. Accordingly, we will sustain respondent's determinations as to *228 the deficiencies and the addition to tax pursuant to section 6662(a) on the ground that petitioner either defaulted or simply failed to carry her burden of proof. See, e.g., , affd. . Respondent also determined that petitioner is liable for additions to tax for fraud for the years in issue. Respondent bears the burden of proof with respect to the additions to tax for fraud. Rule 142(b). Respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. . When fraud is determined for more than one taxable year, respondent must show that an underpayment exists and that some part of the underpayment was due to fraud for each year. . Nevertheless, when a taxpayer fails to appear and prosecute her case, entry of a default decision "is appropriate upon a determination in our 'sound judicial discretion' *229 that the pleadings set forth sufficient facts" to support a finding that the taxpayer fraudulently underpaid her taxes. ; see also . The existence of fraud is a factual question to be determined upon a consideration of the entire record. . Fraud is never presumed but must be established by clear and convincing evidence. Id. Because direct proof of a taxpayer's intent is rarely available, fraud may be proven by circumstantial evidence. , affd. without published opinion . Fraud may be properly inferred where a taxpayer's entire course of conduct establishes the requisite fraudulent intent. . Based upon the pleadings in this case, there is ample support for finding that petitioner fraudulently underpaid her taxes for the years in *230 issue. The facts contained in the answer (which are deemed admitted) are factually sufficient to establish the existence of fraudulent conduct by petitioner. Prominent among the matters contained in the pleadings are petitioner's admissions that: (1) The omission of specific items of income for the years in issue is part of a 3-year pattern of intent to evade taxes; (2) petitioner understated taxable income in the amounts of $ 46,729 for 1987, $ 19,073 for 1988, and $ 17,674 for 1989; and (3) a part of each deficiency for the years in issue is due to fraud with intent to evade taxes. Finally, petitioner failed to comply with the pretrial order or to appear for trial -- additional indications of deliberate efforts by petitioner to conceal the true facts concerning her tax liability. The above pleaded facts clearly establish that petitioner fraudulently underpaid her income taxes for the years in issue. Thus, we are satisfied that the additions to tax for fraud for the years in issue should be sustained by the entry of a default against petitioner pursuant to Rule 123(a). To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. 50 percent of the interest due on the deficiency.↩